UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FIREMAN'S FUND INSURANCE :
COMPANY, as subrogee of :
Thomas Foley, :
      Plaintiff, :
       :
v. : C.A. No. 12-836ML
       :
JOSEPH FIORENZANO, :
      Defendant. :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

      This is a subrogation action invoking diversity jurisdiction brought by Plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") arising out of extensive fire damage to a Rhode Island residence.  Defendant Joseph Fiorenzano ("Fiorenzano"), a Rhode Island contractor, has filed a Motion to Dismiss, contending that the homeowner, Rhode Island resident Thomas Foley, is the real party in interest and an indispensable party who must be named as a plaintiff and whose presence in the suit would destroy diversity jurisdiction.  Because Fireman's Fund has fully compensated Mr. Foley for his loss, I find that Fireman's Fund is the real party in interest and Mr. Foley is not an indispensable party.  Accordingly, I recommend that Defendant's Motion to Dismiss be DENIED.  ECF No. 11.

**I.      BACKGROUND AND FACTUAL FINDINGS**

      Defendant Fiorenzano installed two wood burning fireplaces in Mr. Foley's home in 2010.  Two years later, on January 16, 2012, the house went up in smoke.  At the time, Mr. Foley had a fire insurance policy in force from Plaintiff Fireman's Fund, a corporation organized under Illinois law that has its principal place of business in California.  Fireman's Fund initially reimbursed Mr. Foley $179,922.82 for the loss and waived the deductible.  When Mr. Foley

accepted the check, he also subrogated his legal claims against third parties to Fireman's Fund by signing a Sworn Statement in Proof of Loss, which stated in part: "In consideration of the payment made, the Insured hereby subrogates the Company to all rights, title and interest in and to the property for which claim is being made to the extent of such payment." Fireman's Fund then brought suit as Mr. Foley's subrogee against Defendant Fiorenzano based on diversity jurisdiction. The Complaint is entirely based on Rhode Island state law causes of action that allege improper installation of the fireplaces that caused the fire at Mr. Foley's home.

After conducting some discovery, Defendant filed this Motion to Dismiss, contending that Rhode Island substantive law confers on Mr. Foley, as the insured, the status of the real party in interest who must be named as plaintiff pursuant to Rule 17(a). Fed. R. Civ. P. 17(a). Further, once the insured, Mr. Foley, is properly substituted for the insurer, Fireman's Fund, complete diversity will be destroyed because Defendant and Mr. Foley are both domiciled in Rhode Island.

To rebut Plaintiff's counter that it is the only real party in interest because it paid Mr. Foley's entire claim and waived the deductible, Defendant challenged Plaintiff's evidence by pointing out that the Sworn Statement in Proof of Loss only subrogated Mr. Foley's claims "to the extent of" Fireman's Fund's payment. In addition, while he has not proffered any sworn testimony in connection with this Motion, at the hearing on the Motion, Defendant represented that Mr. Foley testified at his deposition that Fireman's Fund did not reimburse him for all of his displacement loss. Based on these facts, Defendant contended that it remained theoretically possible that Mr. Foley could bring a claim based on the fire against Defendant in state court, exposing him to the risk of multiple or inconsistent obligations. Initially, Defendant relied only

on Rule 17(a), the real party in interest rule, and not on Rule 19, which deals with joinder of indispensable parties. Fed. R. Civ. P. 19.

To further develop the law and facts related to these issues, the Court asked the parties to supplement the record as to: (1) whether Mr. Foley had any additional monetary claims against Defendant that were not covered by Fireman's Fund's $179,922.82 payment; and (2) whether Mr. Foley must be joined as a plaintiff because he is an indispensable party pursuant to Rule 19.

In response, Plaintiff submitted additional evidence to buttress its proof in the previously submitted Sworn Statement in Proof of Loss: it filed a letter and an affidavit, both signed by Mr. Foley, and both affirming that his subrogation to Fireman's Fund was for his entire loss. The letter stated: "Please be advised that I incurred no losses that were not covered by my insurance with Fireman's Fund. Since there are no other damages I will not be filing suit against the builder." Mr. Foley's notarized affidavit averred:

- "Fireman's Fund made payments to me in the amount of $183,916.20 as full and final settlement for the damage to my property including payments for alternate living expenses incurred while my residence was being repaired."

- "I have been made whole by Fireman's Fund and I have no uninsured damages or claims to which I am seeking compensation. Furthermore, Fireman's Fund waived my deductible, so I have no deductible payment to pursue."

- "I am not seeking personally to recover any damages in this or any other litigation with reference to the January 16, 2012 fire and I am aware that Fireman's Fund Insurance Company is pursuing a recovery for the payments it made to me."

Defendant did not present any evidence to rebut this proof. This uncontradicted evidence compels the finding that Plaintiff Fireman's Fund is now subrogated to Mr. Foley's entire loss arising from the fire, including the deductible. Whatever Mr. Foley may have testified at his deposition regarding unreimbursed displacement costs, Defendant has not put the deposition into evidence nor has he proffered other evidence to counter Mr. Foley's affidavit.

3

In any event, even if deposition testimony consistent with the representation of counsel had been submitted, I find that Mr. Foley's unequivocal averment in his affidavit that he has no further damages that have not been reimbursed by Fireman's Fund is not inconsistent with a sworn statement made in the past that he had not yet been compensated for displacement expenses.  Noting that $183,916.20 is the total according to the affidavit signed in August 2013, while $179,922.82 was the total according to the Sworn Statement in Proof of Loss signed in August 2012, the Court can speculate that Mr. Foley was paid for his displacement loss under the policy after his deposition so that it is now unambiguous that Fireman's Fund's subrogation is for the entire loss.  If so, Plaintiff was simply completing its obligation to pay on the policy and not behaving "collusively or improperly" to concoct diversity.  LCE Lux HoldCo S.a.r.l. v. Entretenimiento GM de Mexico S.A. de C.V., 287 F.R.D. 230, 237-39 (S.D.N.Y. 2012) (when claim was assigned to diverse parent and non-diverse subsidiary dismissed to preserve federal jurisdiction, assignment not collusive as long as done for a business purpose and not to concoct diversity).  More important, the timing of the final payment by Fireman's Fund to Mr. Foley – whether made before or after the filing of this action – does not affect the conclusion that, as of the execution of Foley affidavit, the insurer had paid the claim in full for purposes of the determination of the real party in interest under Rule 17(a).  See Durabla Mfg. Co., v. Goodyear Tire & Rubber Co., 124 Fed. App'x 732, 734 (3d Cir. 2005) (insurers that had covered all defense and settlement costs are real parties in interest, not insured, despite likelihood of future payments on policy given continuing nature of claims); In re Enron Corp. Sec., MDL No. 1446, 2013 WL 2189865, at *5 (S.D. Tex. May 16, 2013) (parties may assert claims assigned after filing of lawsuit; timing of assignment does not alter assignees' status as real parties in interest) (listing cases).

Accordingly, I find that Plaintiff Fireman's Fund is subrogated to the full amount of the loss arising from the fire.

## II. STANDARD OF REVIEW

Plaintiff has the burden of establishing that diversity jurisdiction exists. Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). When a defendant challenges jurisdiction, the court accepts as true the "well-pleaded factual allegations of the complaint" and draws all reasonable inferences in the plaintiff's favor. Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002); McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006). The court may grant a motion to dismiss "[i]f the well-pleaded facts, evaluated in that generous manner, do not support a finding of federal subject-matter jurisdiction." Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). The court is not limited to the pleadings and may consider any evidence it deems necessary to settle the jurisdictional question, including materials such as affidavits and depositions. Palazzolo v. Ruggiano, 993 F. Supp. 45, 47 (D.R.I. 1998); see also Emrit v. Am. Soc'y of Composers, No. CA 13-179-ML, 2013 WL 4094387, at *1 (D.R.I. Aug. 13, 2013) (citing Rosario Gonzalez v. United States, 898 F. Supp. 2d 410, 416 (D.P.R. 2012)).

## III. ANALYSIS

Defendant contends that Mr. Foley is the only real party in interest as defined in Rule 17(a); alternatively, he argues that both Mr. Foley and Fireman's Fund are real parties in interest. He also contends that Mr. Foley is indispensable pursuant to Rule 19. Since Mr. Foley and Defendant are both domiciled in Rhode Island, Defendant argues that, once the parties are properly aligned, diversity jurisdiction is lacking and the case should be dismissed pursuant to Rule 12(b)(1). See Northeast Fed. Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (citizenship for diversity jurisdiction determined by domicile of the real party in interest);

Beltran Sanchez v. Wesleyan Church Corp., 218 F. Supp. 2d 136, 139 (D.P.R. 2002) ("The real party in interest determines the existence of diversity jurisdiction."). Because the real party in interest analysis under Rule 17(a) informs who might be indispensable under Rule 19, I begin the inquiry there. See Potomac Elec. Power Co. v. Babcock & Wilcox Co., 54 F.R.D. 486, 489 (D. Md. 1972) (Rule 17 analysis is preliminary; once real parties in interest identified, Rule 19 analysis follows).

Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The purpose of the Rule is to ensure that a lawsuit is brought by a person who possesses the right to enforce the action and who has a significant interest in the litigation. Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). Rule 17(a) protects defendants "from facing a subsequent similar action brought by one not a party to the present proceeding and [it] ensure[s] that any action taken to judgment will have its proper effect as res judicata." Prevor–Mayorsohn Caribbean, Inc. v. P.R. Marine Mgmt., Inc., 620 F.2d 1, 4 (1st Cir. 1980)). The challenge is the implementation of these principles in the insurance subrogation context, which presents the troublesome question of who is the proper plaintiff when the injured party's casualty insurer has compensated him in whole or in part for the claimed loss. June F. Entman, More Reasons for Abolishing Federal Rule of Civil Procedure 17(a): The Problem of the Proper Plaintiff and Insurance Subrogation, 68 N.C. L. Rev. 893, 894-95 (1990).

In diversity cases, under federal Rule 17(a), state law determines a person's substantive right to assert a claim that arises under state law, while federal procedure controls the naming of parties and joinder. See Stichting v. Schreiber, 407 F.3d 34, 48-49 (2d Cir. 2005); Virginia Elec. & Power Co., 485 F.2d at 83; Bumble Bee Foods LLC v. Refriammonia, Civ. No. 08-1752 (PG),

2010 WL 1905030, at *3 (D.P.R. May 10, 2010).  Stated another way, Rule 17(a) determines who can be named as a real party in interest in a federal case, but federal courts must look to state law to determine who may bring and control an action on the specific state law claims when brought in federal courts.  See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir. 2004); Travelers Ins. Co. v. Riggs, 671 F.2d 810, 814 (4th Cir. 1982); see also Entman, supra, at 900.

In effectuating this dual inquiry into state and federal law, the first stop is Rhode Island substantive law, which controls whether the insurer is the proper party to bring and control a subrogation action against an alleged tortfeasor, once it has paid the insured's entire loss.  A pair of 2013 Rhode Island state court decisions are controlling on this point – together, they demonstrate that insurers can bring and control cases against tortfeasors when they have fully compensated their insureds.

In Nationwide Property & Casualty Insurance Co. v. D.F. Pepper Construction, Inc., the Rhode Island Supreme Court allowed an insurance company to sue in its own name as subrogee of its insured, after making full payment to the insured.  59 A.3d 106, 111-12 (R.I. 2013).  In reaching the conclusion that Nationwide alone was the proper plaintiff, the court noted that "[u]nder its homeowner's policy, the insurer has a right of subrogation against third parties who caused the loss that it was obligated to reimburse."  Id. at 108.  Similarly, in Foote v. GEICO Indemnity Co., the Rhode Island Superior Court in dicta observed that, under the "made whole" doctrine, an insurer is entitled to bring a subrogation action when it has fully compensated the insured.  2013 R.I. Super. LEXIS 28, at *33-34 (R.I. Super. Ct. Jan. 5, 2013) (citing Lombardi v. Merchants Mutual Ins. Co., 429 A.2d 1290, 1291-93 (R.I. 1981)).  Cf. R.I. Gen. Laws § 27-5-3 (standard fire insurance policy form may require subrogation from insured "to the extent that payment . . . is made by th[e] insurer.").  Accordingly, under Rhode Island substantive law,

Fireman's Fund, as an insurer that is subrogated to Mr. Foley's entire claim, is a proper party to bring this claim.

Defendant's contrary argument is based on Ferraiole v. Lamson Oil Co., 49 R.I. 426 (R.I. 1928), which he cites for the principle that "suit in the name of the assignee of a chose in action is a departure from the common-law principles, and our decisions uniformly have required suit to be brought in the name of the assignor." Id. at 428.  Reliance on Ferraiole is inapposite.  Rule 17(a) of the Rhode Island Superior Court Rules of Civil Procedure, promulgated after Ferraiole, permits an insurer to sue in its own name or the name of its insured.  See Employers Ins. of Wausau v. Bishop Hendricken High Sch., No. 73-68, 1975 WL 169933, at *1 (R.I. Super. Feb. 7, 1975) (under R.I. Super. Ct. R. Civ. P. 17(a), subrogated insurer may sue in its own name or in name of insured as it wishes).  In any event, in the intervening years since Ferraiole was decided, while not explicitly overruling the case, the Rhode Island Supreme Court has relaxed the rules for bringing subrogation claims: "[h]istorically the common law prevented assignment of a person's cause of action to recover for personal injuries . . . [but] [t]his rule has since been modified to distinguish conventional subrogation from assignment of tort claims because '[a]ssignment involves dangers of champerty and maintenance [and] [s]ubrogation does not.'" U.S. Inv. & Dev. Corp. v. R.I. Dep't of Human Servs., 606 A.2d 1314, 1317 (R.I. 1992); see Am. Kennel Club Museum of the Dog ex rel. Camilla Lyman Uniturst v. Edwards & Angell, L.L.P., CIV. A. PB 00-2683, 2002 WL 1803923, at *10 (R.I. Super. July 26, 2002) (if claimant assigns all interest in claim, he is no longer real party in interest).

I next turn to the federal insurance subrogation cases interpreting federal Rule 17(a). While federal courts have struggled when the insurer is only partially subrogated, these cases uniformly hold that, when the insurer has paid its insured for the entire loss, it is the only real

party in interest under Rule 17(a) and the suit must be brought in its name. United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 381-82 (1949) ("If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name"); Cont'l Grain Co. v. P.R. Mar. Shipping Auth., 972 F.2d 426, 428 n.4 (1st Cir. 1992) ("[The insurer], having paid [the insured's] loss, is subrogated to its claim and is thus the real party in interest on the complaint."); State Farm Mut. Liab. Ins. Co. v. United States, 172 F.2d 737, 739 (1st Cir. 1949) ("In view of the universally recognized equitable principle of subrogation, an insurance company, having paid the whole loss, is the real party in interest within the meaning of Rule 17(a)."); see also Durabla Mfg. Co., 124 F. App'x at 734 ("The proper analytical framework . . . is that of a fully-subrogated claim, where an insurer who pays the entire loss incurred is the only real party in interest."). Thus, as a matter of federal procedural law, Fireman's Fund is the only real party in interest under Rule 17(a); accordingly, it, and not Mr. Foley, is the proper party to pursue this claim. Aetna Cas. & Surety Co., 338 U.S. at 380-81; see also Entman, supra, at 912 ("When the insurer has fully compensated the insured, federal courts generally hold correctly that the insurer is the only 'real party in interest' under rule 17(a). . . . [I]t is a virtually universal rule of subrogation that an insured who has received total compensation no longer has any rights in the claim.").

   While Fireman's Fund is unquestionably not just a proper real party, but the only real party in interest, Mr. Foley may still be an indispensable party whose mandatory joinder defeats diversity. Fed. R. Civ. P. 19. The Court need not tarry long on this question. The command of Rule 19 is straightforward: at the outset the court must determine if a person is a "required party" who must be joined to the suit because (1) in his absence complete relief cannot be accorded among those already parties, or (2) the person has an interest in the action and his absence will

9

work to his detriment or that of another party to the litigation. See Fed. R. Civ. P. 19; Bacardi Int'l Ltd. v. V. Suarez & Co., Inc., 719 F.3d 1, 10 (1st Cir. 2013); Trombino v. Transit Cas. Co., 110 F.R.D. 139, 142 (D.R.I. 1986). Here, Mr. Foley has been fully compensated for his loss and has sworn in an affidavit that he will not bring suit against Defendant. Moreover, he is not a real party in interest because he has no claim. Accordingly, he is not an indispensable party to the suit. See Fed. R. Civ. P. 19(a); State Farm Fire & Cas. Co. v. Electrolux Home Products, Inc., 11 C 8946, 2012 WL 1287698, at *3 (N.D. Ill. Apr. 16, 2012) (under Rule 19, "if the [insurers] had been completely subrogated to the insured's claims . . . , the insured would have no interest in the lawsuit and could not be made parties") (collecting cases).

To shore up his argument, Defendant cites Johnson v. Price, 191 F. Supp. 2d 626 (D. Md. 2001), arguing that a party with a claim remains indispensable even after the claim has been waived. Id. at 627. However, Johnson is focused on the law of Maryland regarding who are the proper parties to a wrongful death claim; it holds that where a non-diverse party joined as a "use" plaintiff possesses a substantive claim under Maryland law, her waiver to preserve federal jurisdiction is ineffectual. Id. at 630. The crux of the holding is that Maryland substantive law makes all beneficiaries in wrongful death suits the real parties in interest. Id. at 629. By contrast, Rhode Island substantive law provides that the insurer may be the real party in interest and the only plaintiff once the insured has been paid in full. Moreover, Johnson specifies that its holding is not applicable to cases dealing with the law of insurance subrogation. Id. at 629 n.4.

IV. **CONCLUSION**

Because Fireman's Fund has fully compensated Mr. Foley for his loss, Fireman's Fund is the real party in interest, Mr. Foley is not an indispensable party and the Court has subject matter jurisdiction over this diversity suit. See Travelers Prop. Cas. Co. of Am. v. Noveon, Inc., 248

F.R.D. 87, 90 n.1 (D. Mass. 2008).  Accordingly, I recommend that Defendant Fiorenzano's Motion to Dismiss be DENIED.  ECF No. 11.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  See Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 12, 2013